J-A19009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ELISEO-THL MOTORSPORTS, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELISEO SALAZAR, INDIVIDUALLY AND T/D/B/A ELISEO SALAZAR RACING, INC., SALAZAR RACING INC. AND SALAZAR RACING; KARI MARCINIAK AN INDIVIDUAL; ELISEO SALAZAR RACING, INC., A FLORIDA CORPORATION, INDIVIDUALLY AND T/D/B/A SALAZAR RACING, INC., AND SALAZAR RACING; ELISEO SALAZAR RACING, INC., A PENNSYLVANIA CORPORATION, INDIVIDUALLY AND T/D/B/A SALAZAR RACING, INC., AND SALAZAR RACING, AND SALAZAR RACING, INC., A PENNSYLVANIA CORPORATION; AND SALAZAR RACING, AN UNREGISTERED FICTITIOUS NAME, | |
| Appellants | No. 1718 WDA 2013 |

Appeal from the Order Entered October 21, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 13-007243

BEFORE: BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 06, 2014**

Appellants, Eliseo Salazar, individually and t/d/b/a Eliseo Salazar Racing, Inc., *et al.*, appeal from the order entered on October 21, 2013, denying Appellants' petition to open default judgment. We affirm.

_____

* Former Justice specially assigned to the Superior Court.

On May 15, 2013, Eliseo-THL Motorsports, LLC (hereinafter "THL Motorsports") filed a complaint against Appellants which raised various claims including breach of contract, fraud, and conversion. Appellants did not file a responsive pleading to the complaint. Therefore, on June 12, 2013, THL Motorsports served the individual Appellants with notices of intention to file a *praecipe* for entry of default judgment, pursuant to Pennsylvania Rule of Civil Procedure 237.1. **See** THL Motorsports' *Praecipe* to Enter Default Judgment, 6/26/13, at Exhibit "A."

On June 26, 2013 – after Appellants had still failed to file a responsive pleading to the complaint – THL Motorsports filed, in the Allegheny County Department of Court Records (hereinafter "ACDCR"), a *praecipe* to enter default judgment against all Appellants. **Id.** at 2. That same day, THL Motorsports served the individual Appellants with the *praecipe* to enter default judgment. **Id.** at 4-5.

On June 26, 2013, the ACDCR entered default judgment in favor of THL Motorsports and against the individual Appellants, in accordance with Pennsylvania Rule of Civil Procedure 1037(b). **See** Docket Entry, 6/26/13. The next day, the ACDCR provided the individual Appellants with notices of the entry of judgment and the ACDCR "note[d] in the docket the giving of [the] notice[s]," in accordance with Pennsylvania Rule of Civil Procedure 236(b). **See** Docket Entry, 6/26/13; **see also** THL Motorsports' *Praecipe* to Enter Default Judgment, 6/26/13, at 1 (ACDCR wrote that notice was sent on June 27, 2013).

- 2 -

On June 28, 2013, Appellants filed a petition to open the default judgment. Within the body of the petition to open, Appellants declared that the doctrines of *res judicata* and collateral estoppel acted to bar THL Motorsports' claims. Therefore, Appellants declared, they have a complete defense to THL Motorsports' claims. Appellants' Petition to Open, 6/28/13, at 1-4. Further, within the body of the petition to open, Appellants wrote that they "have prepared preliminary objections in the nature of a demurer and intend to file the preliminary objections when the judge within [the Commerce and Complex Litigation Center of the Allegheny County Court of Common Pleas] is assigned" the case. *Id.* at 3 (some internal capitalization omitted). However, Appellants did not attach the preliminary objections – or any other responsive pleading – to the petition to open. *See* Pa.R.C.P. 237.3(a) ("A petition for relief from a judgment . . . of default . . . shall have attached thereto a verified copy of . . . the answer which the petitioner seeks leave to file.") Instead, Appellants attached to the petition a "motion to assign [the] case to the commerce and complex litigation center."

Appellants' petition to open also contained a number of other irregularities. These included: 1) Appellants did not verify the petition to open, *see* Pa.R.C.P. 206.3 ("A petition . . . containing an allegation of fact which does not appear of record shall be verified") and 2) even if Appellants had attached their proposed preliminary objections to the petition to open (which they did not), Appellants did not even attempt to provide an "adequate explanation of the cause of the delay in answering the

[c]omplaint," *see* Pa.R.C.P. 237.3 note ("A defendant who seeks to file a pleading other than an answer [with the petition to open] is not entitled to the benefit of [Rule 237.3,] but must comply with the requirements of ***Schultz v. Erie Insurance Exchange***[, 477 A.2d 471 (Pa. 1984)]"); ***Schultz***, 477 A.2d at 472 ("A petition to open a judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. The court will only exercise this discretion when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; **and** (3) the failure to appear can be excused") (emphasis in original).

On July 5, 2013, the case was provisionally assigned to the Commerce and Complex Litigation Center of the Allegheny County Court of Common Pleas and, on July 12, 2013, Appellants filed "preliminary objections" to THL Motorsports' complaint. Within the alleged preliminary objections, Appellants attempted to raise a number of grounds for relief, including that THL Motorsports' claims were barred by the doctrines of *res judicata* and collateral estoppel and that the entire case was barred by the doctrine of *lis pendens*. Appellants' Preliminary Objections, 7/12/13, at 1-15.

On July 31, 2013, the trial court issued a rule to show cause upon THL Motorsports, as to why Appellants were not entitled to have the default judgment opened. THL Motorsports filed an answer to the petition and averred that it was never a party to any underlying case – and, therefore, that its claims against Appellants could not be barred by the doctrines of *res judicata*, collateral estoppel, or *lis pendens*. Appellants' Answer, 8/20/13, at

- 4 -

2. Appellants also claimed that the defects in Appellants' petition to open required that the petition be denied. *Id.* at 5.

The trial court held oral argument on the petition and, on October 21, 2013, the trial court entered an order denying Appellants' petition to open. Within the trial court's opinion, the trial court noted that it was required to deny Appellants' petition on a number of independent grounds, including: Appellants did not verify their petition to open; Appellants did not attach a responsive pleading to their petition to open; and, even if Appellants had attached their later-filed preliminary objections to the petition to open, Appellants did not assert "an adequate justification for the failure to file a timely responsive pleading to the [c]omplaint." Trial Court Opinion, 1/6/14, at 1-3.

Appellants filed a timely notice of appeal and now raise the following claims to this Court:

> [1.] Did the trial court err in denying [] Appellants' petition to open default judgment where [] Appellants promptly filed the petition, presented a meritorious defense, and demonstrated an excusable reason for failing to file a responsive pleading?
>
> [2.] Did the trial court err, as a matter of law, in treating [Appellants'] petition to open default judgment as a nullity with respect to affirmative pleading obligations?
>
> [3.] Did the trial court err, as a matter of law, in considering [THL Motorsports'] *praecipe* for default judgment even though [] Appellants had filed preliminary objections in the nature of a demurrer prior to the trial court accepting the underlying case?

Appellants' Brief at 7 (some internal capitalization omitted).[1]

Appellants' claims are interrelated. Therefore, we will consider Appellant's claims together. However, the claims fail.

As our Supreme Court held in **Schultz**: "A petition to open a judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. The court will only exercise this discretion when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; **and** (3) the failure to appear can be excused." **Schultz**, 477 A.2d at 472 (emphasis in original).

Pennsylvania Rule of Civil Procedure 237.3, entitled "Relief from Judgment of *Non Pros* or by Default," was adopted after our Supreme Court's opinion in **Schultz**. Rule 237.3 provides:

> (a) A petition for relief from a judgment of *non pros* or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.
>
> (b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

Pa.R.C.P. 237.3.

However, as the note to Rule 237.3 makes clear, "Rule 237.3 does not change the law of opening judgments;" rather, the three required elements,

---

[1] For ease of discussion, we have re-numbered Appellants' claims on appeal.

as specified by our Supreme Court in **Schultz**, are applicable to every petition to open a default judgment. Pa.R.C.P. 237.3 note. The effect of Rule 237.3 is simply that, when a party attaches a proposed answer to a petition to open,[2] the rule "supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment." Pa.R.C.P. 237.3 note.

With respect to a petition to open, a careful reading of Rule 237.3 reveals that the rule only applies to instances where the defendant attaches a "verified copy of the . . . **answer** which the petitioner seeks leave to file." Pa.R.C.P. 237.3(a) (emphasis added). The note to the rule specifically declares: "A defendant who seeks to file a pleading other than an answer is not entitled to the benefit of [Rule 237.3,] but must comply with the requirements of **Schultz**." Pa.R.C.P. 237.3 note.

Therefore, where the defendant files a petition to open and wishes to file preliminary objections to the complaint, the defendant is **not** given the benefit of Rule 237.3 and the rule thus does not "suppl[y] two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or

---

[2] The rule also requires that the "the petition [be] filed within ten days after the entry of the judgment on the docket." Pa.R.C.P. 237.3(b).

legitimate excuse for the inactivity or delay resulting in the entry of the judgment." Pa.R.C.P. 237.3 note. Instead, where the defendant files a petition to open and wishes to file preliminary objections to the complaint, the defendant must plead – in his petition to open – that: "the petition has been promptly filed" and "the failure to appear can be excused." **Schultz**, 477 A.2d at 472 (emphasis in original). The defendant must then attach, to his petition to open, the proposed preliminary objections – and the preliminary objections must show "a meritorious defense" to the complaint.

In the case at bar, Appellants did not attach any proposed responsive pleading to the petition to open. Rather, Appellants attached, to the petition to open, an unresponsive **motion** "to assign [the] case to the commerce and complex litigation center." Since a motion is not a pleading, the trial court was thus required to immediately deny Appellants' petition to open, as Appellants simply did not attach any proposed pleading which could have shown "a meritorious defense" to THL Motorsports' complaint. Therefore, on this basis alone, Appellants' entire appeal necessarily fails.

We are cognizant of the fact that, on July 12, 2013, Appellants attempted to file preliminary objections to the complaint. However, this filing occurred **16 days after** the ACDCR entered default judgment against Appellants. Therefore, in order for the proposed pleading to have had any legal effect, the trial court was required to have first granted Appellants' petition to open the default judgment. The trial court did not do so; thus, the filing did not have any legal effect.

Further, even if Appellants had attached their proposed preliminary objections to their petition to open, the trial court would have still been required to deny Appellants' petition since Appellants did not even attempt to plead the necessary element of "adequate explanation of the cause of the delay in answering the [c]omplaint." **Schultz**, 477 A.2d 473.

Finally, even if Appellants had attached their proposed preliminary objections to their petition to open and even if Appellants had attempted to plead "an adequate explanation of the cause of the delay in answering the [c]omplaint" in their petition to open, the trial court would have **still** been required to deny Appellants' petition. Certainly, as was explained above, Appellants did not verify their petition to open; and, in the absence of a verification, any attempt to plead the necessary factual and outside-the-record element of "adequate explanation of the cause of the delay in answering the [c]omplaint" would have been a nullity. **See** Pa.R.C.P. 206.3 ("[a] petition or an answer containing an allegation of fact which does not appear of record shall be verified).

The trial court properly denied Appellants' petition to open the default judgment.

Order affirmed.

Justice Fitzgerald joins this memorandum.

President Judge Emeritus Bender files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014